**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

WILLIAM GEORGE MITCHELL,

    Petitioner,

v.

WARDEN WALTER BERRY,

    Respondent.

CIVIL ACTION NO.: 6:17-cv-119

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner William Mitchell ("Mitchell"), who is currently incarcerated at Autry State Prison in Pelham, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence obtained in the Emanuel County, Georgia, Superior Court. (Docs. 1, 7.) Respondent filed an Answer-Response and a Motion to Dismiss. (Docs. 14, 15.) Mitchell failed to file a Response to the Motion to Dismiss, despite the Court directing him to file a Response within fourteen (14) days of the Court's May 17, 2018, Order. (Doc. 17.) For the reasons which follow, I **RECOMMEND** the Court **DISMISS without prejudice** Mitchell's Section 2254 Petition based on his failure to respond to a Court Order. In the alternative, I **RECOMMEND** the Court **GRANT** Respondent's Motion, **DISMISS** Mitchell's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Mitchell *in forma pauperis* status on appeal and a Certificate of Appealability.

**BACKGROUND**

Mitchell pleaded guilty to two counts of theft by receiving stolen property in the Emanuel County Superior Court on April 6, 2011. (Doc. 16-2.) Mitchell received concurrent "split" sentences of ten years' imprisonment with two years to serve. (Id.) On December 1, 2014, Mitchell filed a state habeas application with the Dooly County Superior Court, (doc. 16-3), and after three evidentiary hearings, that court denied Mitchell's requested relief on December 20, 2015, (doc. 16-5). Mitchell filed an application for a certificate of probable cause to appeal, which the Georgia Supreme Court dismissed on December 8, 2016. (Doc. 16-6.) Mitchell executed his Section 2254 Petition on September 5, 2017, and it was filed in this Court on September 13, 2017. (Doc. 1.)

Respondent filed an Answer-Response and a Motion to Dismiss on May 16, 2018. (Docs. 14, 15.) The next day, the Court advised Mitchell that Respondent had filed a Motion to Dismiss and directed Mitchell to respond to that Motion within fourteen (14) days. (Doc. 17.) The Court also advised Mitchell that, should he fail to respond within fourteen (14) days, "the Court will determine that there is no opposition to the motion and will grant the motion as unopposed and for failure to follow this Court's Order." (Id.) Mitchell did not respond to the Motion to Dismiss. Instead, he filed a Notice of Interlocutory Appeal as to the Court's Order directing his response to the Motion to Dismiss. (Doc. 19.) The Court of Appeals for the Eleventh Circuit dismissed Mitchell's appeal for lack of jurisdiction. (Doc. 22.)

**DISCUSSION**

In his Petition, Mitchell states that certain stolen items he was said to have been in receipt of were not made part of his plea agreement and were added for restitution purposes after he entered into his plea agreement. (Doc. 1, p. 5.) Mitchell also states some of the items contended

to be stolen did not match the descriptions given for those items. (Id. at pp. 6–7.) Additionally, Mitchell asserts he was charged for more than one offense, even though there was one act and one crime. (Id. at p. 8.) Mitchell alleges his attorney gave him false information regarding his case and the sentence he was to serve. (Id. at pp. 9–10.)

Respondent contends Mitchell untimely filed his Section 2254 Petition because he did not file it within one year of his Emanuel County conviction being "final." (Doc. 15-1, pp. 1–2.) Respondent also argues that Mitchell is not entitled to equitable tolling of the applicable statute of limitations period. (Id.) Despite being advised of the Motion to Dismiss and his obligation to respond, Mitchell has not filed any response to Respondent's Motion. The Court now addresses Mitchell's failure to respond to a Court Order and Respondent's contentions.

## I. Dismissal for Failure to Follow a Court Order

A district court may dismiss claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on]

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633.

3

willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to follow a court order is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (per curiam) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (per curiam) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute

Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal). With Mitchell having failed to file a response to this Court's Order or Respondent's Motion to Dismiss, the Court is unable to move forward with this case. Moreover, Mitchell was given ample time to follow the Court's directives, and Mitchell has not made any effort to do so or to inform the Court as to why he cannot comply with its directives.

Thus, I **RECOMMEND** the Court **DISMISS without prejudice** Mitchell's Petition, (docs. 1, 7), for failure to follow this Court's Order and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## II. Whether Mitchell Timely Filed his Petition

In the alternative, the Court notes Mitchell referred to his filing of May 29, 2018, as a "Notice of Appeal" no less than three (3) times. (Doc. 19, p. 1.) However, Mitchell asserts in this filing he is responding to this Court's Order "in a timely manner," and there is no "justifiable reason to dismiss [his] legitimate claims . . . ." (Id.) Mitchell arguably responded to this Court's Order of May 17, 2018, although he did not respond to the substance of Respondent's Motion to Dismiss.

Because Respondent raises the issue of the timeliness of Mitchell's Petition, this Court must look to the applicable statute of limitations period. A petitioner seeking to file a federal habeas petition has one year within which to file his petition. 28 U.S.C. § 2244(d)(1). The statute of limitations period shall run from the latest of four possible dates:

(A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

(B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Mitchell's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Mitchell was convicted in the Emanuel County Superior Court on April 6, 2011, and he was sentenced on the same date. (Doc. 16-2.) Mitchell had a period of thirty (30) days to file a notice of appeal. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]"). Mitchell did not file an appeal, (doc. 1, p. 2), and thus, his conviction became final on May 6, 2011. Because Mitchell's conviction became final on May 6, 2011, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance—i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219–20 (2002) (internal punctuation and citations omitted). A petitioner should be mindful that "once a deadline has

expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to Section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

As noted above, Mitchell's conviction became final on May 6, 2011. He had one year from that date, or until May 7, 2012,[2] to file a 28 U.S.C. § 2254 petition for writ of habeas corpus or a properly filed application for state post-conviction or other collateral review. Mitchell filed his state habeas corpus petition on December 1, 2014, more than two and one-half years after his conviction became final. By that time, the statute of limitations period applicable to Section 2254 petitions had expired. Consequently, the filing of his state habeas corpus petition did not toll the federal statute of limitations. On its face, Mitchell's Petition was filed untimely. However, it must now be determined whether the applicable statute of limitations period was equitably tolled.

A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his Section 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Florida, 560 U.S. 631 (2010). "'The burden of establishing entitlement to this

---

[2] Mitchell's one-year statute of limitations period ended on May 6, 2012, which was a Sunday. Thus, this period was extended to the next business day, which was May 7, 2012. Fed. R. Civ. P. 6(a)(1)(C) (When computing time expressed in days, the last day of that time period is included. If the last day is a Saturday, Sunday, or legal holiday, the time period "continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Mitchell sets forth no assertion that he is entitled to equitable tolling of the statute of limitations. To be sure, Mitchell offers no reason why he waited more than two years after his state court conviction was final to file a state habeas corpus petition. In fact, Mitchell utterly failed to even respond to Respondent's contentions that his Section 2254 Petition was filed untimely and that he is not entitled to equitable tolling. Mitchell is not entitled to equitable tolling, and, accordingly, his Petition was untimely filed.

For these reasons, in the alternative to dismissing Mitchell's Petition for his failure to follow a Court Order, the Court should **GRANT** Respondent's Motion to Dismiss and **DISMISS** Mitchell's Petition as untimely filed.

## III. Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Mitchell leave to appeal *in forma pauperis* and deny him a Certificate of Appealability. An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United

States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009). As there are no non-frivolous issues for Mitchell to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should **DENY** Mitchell *in forma pauperis* status on appeal.

Additionally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court <u>must</u> issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis added); <u>see also</u> Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). Under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Id.</u> "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>see also</u> <u>Franklin v. Hightower</u>, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." <u>Miller-El</u>, 537 U.S. at 336.

Based on the above analysis of Mitchell's Petition and Respondent's Motion and applying the Certificate of Appealability standards set forth above, there are no discernable

9

issues worthy of a certificate of appeal. Therefore, the Court should **DENY** Mitchell the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Mitchell a Certificate of Appealability, Mitchell is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DISMISS without prejudice** Mitchell's 28 U.S.C. § 2254 Petition for failure to respond to this Court's Order. In the alternative, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, (doc. 15), **DISMISS** Mitchell's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, (docs. 1, 7), and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** that the Court **DENY** Mitchell leave to proceed *in forma pauperis* and a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in

whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Mitchell and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 24th day of July, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA